**S. PATTI CONST. CO., Inc. v. UNION PAC. R. CO. (two cases).**

**Nos. 4687, 4688.**

District Court, W. D. Missouri, W. D.

Jan. 7, 1948.

See also 72 F.Supp. 101.

A. E. Bazan, of Kansas City, Mo., for plaintiff.

Watson, Ess, Barnett, Whittaker & Marshall, of Kansas City, Mo., for defendant.

REEVES, District Judge.

Each of the parties has moved for summary judgments in the above entitled causes. Several hearings have been had. At the last one each of the parties offered such proof as was deemed pertinent.

The only question for determination is whether the carrier-defendant should have only exacted charges upon minimum weights prescribed in the rate schedules or whether it was entitled, as it claims, to charge rates applicable to the actual weight of the shipments. There is no question but that the actual weight of each car was considerably above the minimum weight fixed in the rate schedules.

It is the contention of the plaintiff that it should have been charged rates upon a minimum weight basis, and no more, and that the defendant overcharged it by exacting a tariff upon an actual weight basis. The plaintiff assigned several reasons for its contention, and, among others, is the one that the defendant failed to indicate or to note the actual weight as required by the rules and regulations of the Interstate Commerce Commission, and, moreover, that the defendant was not in position to know what the actual weights were.

On the other hand, the defendant claims that in each instance the cars were weighed and the commodity shipped was above the minimum provided in the regulations or tariff schedules, and that, therefore, it was entitled to make the collection it did and that it is not liable for the overcharges as asserted by the plaintiff.

1. In support of its contention the plaintiff offered for each shipment its contract of carriage entitled "Uniform Straight Bill of Lading." This describes the property received and indicates the destination. No notation of actual weight was endorsed on or inserted in these instruments.

On defendant's part it offered in evidence in each case instruments entitled "Freight Waybill." On each of these was a certificate from the "Trans-Continental Freight Bureau, Weighing Dept.", showing the exact weight of each car of the commodity shipped. This weight was far above the minimum weight.

While there are differences between a bill of lading and a way bill, such differences are not in these cases in favor of the plaintiff.

In Coal & Coke Co. v. Chicago, P. & St. L. R. Co., 116 Mo.App. 214, loc.cit., 223, 92 S.W. 714, loc.cit. 717, Judge Goode, of the St. Louis Court of Appeals, said that: " * * * a bill of lading represents the property itself in many ways, contains the contract of affreightment, and largely fixes the respective rights of the carrier, the shipper, and the consignee," whereas, "A waybill goes with the shipment and shows the routing, freight charges, and such matters." The plaintiff emphasizes a portion of the regulation relating to weights, as follows: "When such certification is not given on shipping receipt or bill of lading or by separate certificate, as provided above the minimum weights provided in paragraphs (a), (b) and (c), above, apply."

Apparently it is the thought of counsel for plaintiff that there was a failure by defendant to comply with the regulations and that, by such failure to comply with said regulations, the defendant forfeited its right to charge rates in accord with the actual weight of each shipment.

As indicated by the waybills offered by the defendant the carrier did in fact make a notation and specifically stated in each instance exactly what the actual weight was.

2. Counsel for the plaintiff makes the further contention that this defendant was not in a position to state what the actual weights were for the reason that it was not the initial carrier. This is clearly a technical and an untenable position. The carrier must necessarily depend upon the bureau or agency employed for the specific purpose of weighing commodities shipped.

The rule is that "Knowledge of facts, which, to the mind of a man of ordinary prudence, beget inquiry, is 'actual notice' or is the knowledge which a reasonable investigation would have revealed." 2 Words and Phrases, Perm.Ed., p. 288. This principle would apply in this case on the question of actual weight. The defendant not only would have the right to rely upon the weights noted on the waybill, but, in like manner, it would be warranted in claiming (as it did) that the weights indicated were the actual weights of the shipments.

It is unnecessary to prolong the discussion. Obviously defendant is entitled to a summary judgment in its behalf, and its motion will be granted, whereas that of the plaintiff should be and will be overruled.